IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KAREEM GREEN,** | : | **CIVIL ACTION** |
|     **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **LEHIGH COUNTY PRISON,** *et al.* | : | **NO. 21-5138** |
|     **Defendants.** | : | |

**MEMORANDUM OPINION**

*Pro se* Plaintiff Kareem Green, a pretrial detainee, filed this lawsuit pursuant to 42 U.S.C. § 1983 against the Lehigh County Jail, Warden Kyle Russell, Director of Corrections Janine Donate,[1] and the City of Allentown, contending that the Jail has a policy of restrictive lockdown measures that has caused him to suffer serious mental distress.[2]  For the following reasons, Green will be granted leave to proceed *in forma pauperis* and his Complaint will be dismissed in part with prejudice and in part without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Green will be granted leave to file an amended complaint.

I.   **FACTUAL ALLEGATIONS**

Green alleges that Russell and Donate are responsible for a policy of using "excessive restrictive lock down measure[s]" on the inmates at Lehigh County Jail (the "Jail"), which have caused him to suffer hallucinations, extreme paranoia, severe depression, homicidal and suicidal

---

[1] Although the Complaint identifies Donate as the Director of Lehigh County Prison, she is actually Director of the Lehigh County Department of Corrections.  *See Department of Corrections*, Lehigh Cnty. Pa., https://www.lehighcounty.org/Departments/Corrections (last visited Jan. 3, 2022).  The Court may take judicial notice of the information published on a government website.  *See Vanderklok v. United States*, 868 F.3d 189, 205 n.16 (3d Cir. 2017).

[2] Although the Complaint states that Plaintiff is confined at the Lehigh County Prison and names the Lehigh County Prison as a Defendant, that facility was renamed the Lehigh County Jail in 2014, and will be referred to as such.  *See History of the Jail*, Lehigh Cnty. Pa., https://www.lehighcounty.org/departments/corrections/lehigh-county-jail/history-of-lcj (last visited Jan. 3, 2022).

ideations, and nightmares. Green asserts that the conditions at the Jail amount to cruel and unusual punishment and violate his substantial due process rights. He further alleges that Russell and Donate were recklessly and deliberately "indifferent to [his] mental health and well being." Green seeks compensatory and punitive damages, as well as an injunction ordering that the lockdown be lifted with respect to him and that he be allowed contact visits.

## II. STANDARD OF REVIEW

Green will be granted leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3] Given that, the Court must assess pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) whether the Complaint must be dismissed for failure to state a claim.

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Thus, to proceed, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating a complaint under this standard the facts alleged are accepted as true and all reasonable inferences are drawn in the plaintiff's favor. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). A *pro se* complaint is liberally construed. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). Nevertheless, even a *pro se* complaint must allege sufficient facts to support a claim. *Id.*

---

[3] Because Green is a prisoner, he must still pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

In essence, a complaint must provide the defendant with "fair notice" of what the plaintiff's claim is and of the grounds on which it rests. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam)). To provide fair notice, the complaint must identify who the defendants are and *what actions they took* in relation to the plaintiff's claims. *Id.* at 93 (quoting *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019)). That does not mean that a complaint has to "include every name, date, and location of the incidents at issue." *Id.* But it does have to have enough information, stated with enough clarity, that a defendant could "reasonably be expected to respond." *Id.*

## I.     DISCUSSION

Green asserts a violation of his substantive due process rights under the Fourteenth Amendment.[4] Accordingly, his claims are governed by 42 U.S.C. § 1983, which "gives a federal remedy against state officials who, acting under color of state law, deprive 'any citizen of the United States . . . of any rights, privileges, or immunities secured by the [U.S.] Constitution and laws.'"[5] *Estate of Roman v. City of Newark*, 914 F.3d 789, 793 (3d Cir. 2019) (alterations in original). To state a claim under Section 1983, a plaintiff must allege (1) "the violation of a right secured by the Constitution and laws of the United States," (2) "committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

---

[4] While the Complaint also alleges "cruel and unusual punishment," an Eighth Amendment concept, Green's claims are properly analyzed only under the Due Process Clause of the Fourteenth Amendment because the Eighth Amendment applies solely to inmates who have been sentenced. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979).

[5] Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

### A. Claims Against the Lehigh County Jail

The Complaint does not articulate a claim against the Lehigh County Jail under Section 1983 because "[i]n the Third Circuit, it is well-settled that a prison or correctional facility is not a 'person' that is subject to suit under federal civil rights laws." *Regan v. Upper Darby Twp.*, No. 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009) (collecting cases); *see also Slagle v. Cnty. of Clarion,* 435 F.3d 262, 264 n.3 (3d Cir. 2006) (observing, without further comment, that the district court had dismissed the county jail from the suit because it was not a "'person' subject to suit under federal civil rights laws"). The Lehigh County Jail is just a facility operated by the Lehigh County Department of Corrections. To the extent that Green's claims rest on the actions of that municipal agency, he would have to bring suit against Lehigh County itself, pursuant to *Monell v. Dep't Social Servs.*, 436 U.S. 658 (1978). *See Green v. City of Phila.*, 2019 WL 2766590, at *3 (E.D. Pa. June 28, 2019) ("City agencies like the Department of Prisons are not suable entities under § 1983 because they do not have a separate legal existence.") (collecting cases); *Aponte v. Borough of Pottstown*, 2017 WL 3675388, at *3 (E.D. Pa. Aug. 25, 2017) (granting motion to dismiss in favor of county district attorney's office because it was not a separate entity from the county).

Accordingly, Green's claim against Lehigh County Jail will be dismissed with prejudice.

### B. Claims Against the City of Allentown

Under Section 1983, "to plead a municipal liability claim, a plaintiff must allege that a local government's policy or custom inflicted the injury in question." *Estate of Roman*, 914 F.3d at 798 (cleaned up) (quoting *Monell*, 436 U.S. at 694). The Section 1983 claim against the City of Allentown rests on the allegation that the City is responsible for the Jail's *policy* of instituting "excessive restrictive lock down measure[s]." "Policy is made when a decisionmaker

4

possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict." *Estate of Roman*, 914 F.3d at 798 (alterations in original) (quoting *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990)).

The Jail is operated by the Lehigh County Department of Corrections.[6] Green has not alleged any facts permitting a reasonable inference that *any* person at the City of Allentown has final authority to establish policy at the Lehigh County Jail or issued any policy governing the Jail. Green's claim against the City of Allentown will be dismissed without prejudice.

### C. Conditions of Confinement Claim Against Individual Defendants

Plaintiff sues Russell and Donate in their official capacities as the Warden of the Jail and Director of Corrections, respectively. As municipal officials, Russell and Donate fall within the definition of "persons" under Section 1983. *Monell*, 436 U.S. at 690 n.55. The question is whether Green's allegations are sufficient to state a cause of action for violation of his substantive due process rights as a pretrial detainee.

Under the Fourteenth Amendment, States may not punish pretrial detainees "prior to an adjudication of guilt in accordance with due process of law." *Bell*, 441 U.S. at 535.[7] Therefore, "[i]n evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law . . . the proper inquiry is whether those conditions amount to punishment of the detainee." *Bell*, 441 U.S. at 535.

"Unconstitutional punishment typically includes both objective and subjective

---

[6] *See Department of Corrections*, Lehigh Cnty. Pa., https://www.lehighcounty.org/Departments/Corrections (last visited Feb. 8, 2022).

[7] Although *Bell* concerned the Due Process Clause of the Fifth Amendment, its reasoning applies to state pretrial detainees under the Fourteenth Amendment. *Hubbard v. Taylor*, 399 F.3d 150, 158 n.13 (3d Cir. 2005).

components." *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). "[T]he objective component requires an inquiry into whether 'the deprivation [was] sufficiently serious' and the subjective component asks whether 'the officials act[ed] with a sufficiently culpable state of mind[.]'" *Id.* (alterations in original) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). A plaintiff can satisfy the objective component by alleging that either: (1) the deprivation was arbitrary, because "the restriction or condition is not rationally related to a legitimate non-punitive government purpose"; or, (2) the deprivation was "excessive in light of [a legitimate non-punitive government] purpose." *Stevenson*, 495 F.3d at 68. The subjective component can be established by alleging an "express intent to punish on the part of detention facility officials." *Id.*

A pretrial detainee may allege that his or her conditions of confinement were unconstitutional punishment *either* as a matter of objective severity *or* as a matter of subjective intent. *Id.* (quoting *Rapier v. Harris*, 172 F.3d 999, 1005 (7th Cir. 1999)); *see also Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015) ("[A] pretrial detainee can prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose.").

1. *Objective Severity of the Restrictions*

As to arbitrariness, although the Complaint alleges that Defendants implemented a policy of long-term restrictive confinement, it does not provide any allegations as to why they did so. With no government purpose against which to measure the rationality of the policy, it cannot be determined whether the conditions experienced by Green were arbitrary. Jails may impose restrictive confinement conditions for an array of legitimate reasons, including maintaining security and order, *Bell*, 441 U.S. at 540 n.23, the effective management of a detention facility and alleviating overcrowding, *Union Cnty. Jail Inmates v. Di Buono*, 713 F.2d 984, 992-93 (3d

Cir. 1983), as well as discipline and inmate safety. *Bistrian v. Levi*, 696 F.3d 352, 365, 374-75 (3d Cir. 2012), *abrogated on other grounds by Bistrian v. Levi*, 912 F.3d 79 (3d Cir. 2018). Based on the facts in the Complaint, it is equally possible that the lockdown policy *was* or was *not* rationally related to one of these legitimate objectives. A plaintiff, however, must allege facts that show "more than a sheer *possibility* that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (emphasis added). A complaint must "state a claim to relief that is *plausible* on its face," and allegations that are "merely consistent" with liability "stop[] short of the line between possibility and plausibility." *Id*. (emphasis added) (quoting *Twombly*, 550 U.S. at 557). Without more, the Complaint does not permit a reasonable inference that the lockdown measures are not rationally related to a legitimate, non-punitive government purpose.

Nor could it be inferred from the Complaint that the lockdown policy is excessive. In analyzing a claim of unconstitutional punishment, courts consider the "totality of the circumstances of confinement, including any genuine privations or hardship over an extended period of time." *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 326 (3d Cir. 2020). The only circumstances alleged by Green in connection with the lockdown policy are the serious mental health symptoms that he has been suffering since its implementation.[8] Although it is possible that excessive lockdown restrictions could cause such symptoms, as stated above, mere possibility is not enough to move a complaint past the pleading stage. *Iqbal*, 556 U.S. at 678. Without additional facts about the circumstances of Green's confinement, the Complaint does not contain enough context to permit a determination of whether the restrictions experienced by Green were excessive.

---

[8] Although Green states that he had pre-existing mental health disorders, a liberal construction of the Complaint permits the inference that the specific symptoms he now suffers were either caused or exacerbated by the complained-of confinement conditions.

        *2. Subjective Intent to Punish*

Turning to the subjective component of unconstitutional punishment, neither *Bell* nor its progeny have explained what "express intent" means in the context of challenges to pretrial conditions of confinement. However, when the Third Circuit considered such a challenge in *Kost v. Kozakiewicz*, 1 F.3d 176 (3d Cir. 1993), it held—without citing to *Bell*—that "[a] plaintiff must prove that prison officials acted with deliberate indifference and that he or she suffered a deprivation of 'the minimal civilized measure of life's necessities.'" *Id.* at 188 (quoting *Seiter*, 501 U.S. at 298).[9] *Kost* drew this standard from the Supreme Court's Eighth Amendment jurisprudence, noting that "the Due Process rights of a pretrial detainee are 'at least as great as the Eighth Amendment protections available to a convicted prisoner.'" *Id.* (quoting *Boring v. Kozakiewicz*, 833 F.2d 468, 471 (3d Cir. 1987).[10]

Deliberate indifference means that prison officials "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).[11]

---

[9] It is worth noting that the Third Circuit's subsequent decision in *Hubbard v. Taylor*, 399 F.3d 150 (3d Cir. 2005) declined to extend *Kost*. In *Hubbard*, the Court reversed a district court decision that had relied on *Kost* to hold that pretrial detainees and sentenced inmates are subject to the *same* standard in cases challenging conditions. *Id.* at 164-65. *Hubbard* emphasized that the Eighth Amendment only sets the floor for detainees' due process rights, not the ceiling. *Id.* at 165-66. *Hubbard* did not explicitly contradict *Kost*'s holding that cases challenging pretrial conditions of confinement are to be analyzed under a deliberate indifference standard, but it did characterize *Kost's* analysis as "somewhat misleading." *Id.* at 165. Despite the tension between the two cases, *Kost* remains good law because "a panel may not overrule another panel decision." *Pa. Pharmacists Ass'n v. Houstoun*, 283 F.3d 531, 534 (3d Cir. 2002).

[10] When devising the framework for evaluating the rights of pretrial detainees under the Due Process Clause, the Third Circuit has often looked to the Eighth Amendment for guidance. *See, e.g.*, *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581-82 (evaluating Fourteenth Amendment claim for inadequate medical care under the standard that would apply pursuant to the Eighth Amendment); *Woloszyn v. Cnty. of Lawrence*, 396 F.3d 314, 319 n.5 (3d Cir. 2005) ("in developing our jurisprudence on pre-trial detainees' suicides we looked to the Eighth Amendment").

[11] Green's claim against Russell and Donate appears to rest on supervisory liability for the issuance or maintenance of the policy that led to the lockdown restrictions at the Jail. Under Section 1983, supervisors may be held liable if they, "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014) (quoting *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015). Although *Barkes* was an Eighth Amendment case, the Third

Deliberate indifference is a subjective standard and requires a showing that the officials had actual knowledge of the risk. *Farmer*, 511 U.S. at 838-40 ("[A]n official's failure to alleviate a significant risk that he *should* have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." (emphasis added)). That said, Defendants need not have known about any *individual* risk to Green—it would be enough if they had actual knowledge of a "substantial risk to inmate safety." *Barkes*, 766 F.3d at 323 (quoting *Farmer*, 511 U.S. at 843).

Green's allegation that "[a]ny reasonable person would believe that a Warden and Director of a jail would know the effects of long term restrictive confinement," is insufficient to allege deliberate indifference. His assertion that Russell and Donate were recklessly and deliberately indifferent to his mental health and well-being is just a recitation of the elements of a supervisory liability claim and must be disregarded. *See Santiago v. Warminster Twp.*, 629 F.3d 121, 132 (3d Cir. 2010) ("[M]ere restatements of the elements of [the] supervisory liability claims . . . are not entitled to the assumption of truth."); *Bistrian*, 696 F.3d at 365 (in determining whether a complaint meets the pleading standard, "we peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth") (citing *Iqbal*, 556 U.S. at 679).

Without factual allegations about what these Defendants knew, and what they did or did not do in response, Green has now shown that Russell and Donate acted with deliberate indifference. His conditions of confinement claim against them will accordingly be dismissed

---

Circuit extended its logic to pretrial detainees. *See Wharton v. Danberg*, 854 F.3d 234, 247 (3d Cir. 2017) (holding that, under the Fourteenth Amendment Due Process Clause, "[s]upervisory policy-and-practice liability requires deliberate indifference"). As the same mental state applies to Green's claims under *Kost*, it is not necessary at this stage to evaluate them under *Wharton* as well.

without prejudice.

### D. Serious Medical Needs Claim Against Russell and Donate

Liberally construed, the Complaint can also be read to bring a supervisory policy liability claim based on deliberate indifference to a pretrial detainee's serious medical needs.

In the Third Circuit, such claims rest on the Fourteenth Amendment Due Process Clause but are analyzed using the same deliberate indifference standard that applies under the Eighth Amendment. *See, e.g.*, *Natale*, 318 F.3d at 581-82; *Palakovic v. Wetzel*, 854 F.3d 209, 221-23 (3d Cir. 2017); *Woloszyn*, 396 F.3d at 319 n.5. Therefore, Green must show that Defendants adopted the lockdown policy with "deliberate indifference" to a "serious medical need."

The definition of deliberate indifference under a serious medical need claim is the same as described above—means that Defendants "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Natale*, 318 F.3d at 582 (quoting *Farmer*, 511 U.S. at 837). To be held liable, Defendants "must be 'both [ ] aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . draw the inference.'" *Id*. (alterations in original) (quoting *Farmer*, 511 U.S. at 837).

Green has alleged a serious medical need. A serious medical need exists where a "failure to treat can be expected to lead to substantial and unnecessary suffering" and "a doctor has diagnosed the condition, or the need for treatment would be obvious to a lay person." *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991)). Green suffers from hallucinations, extreme paranoia, severe depression, homicidal and suicidal ideations, and nightmares—conditions which would obviously need treatment from a layperson's perspective, and which would cause unnecessary suffering if left untreated.

Green, however, has not alleged that he received no medical treatment or that the treatment he received was inadequate. His conclusory allegation that Russell and Donate were "reckless" and "deliberately indifferent" does not give them fair notice of his claims. *Garrett*, 938 F.3d at 92.

Because it is possible that, with additional facts, Green could state a claim for deliberate indifference to a serious medical need, this claim will be dismissed without prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Green's Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as to all Defendants. His claims against the Lehigh County Jail will be dismissed with prejudice. His claims against the City of Allentown, Kyle Russell, and Janine Donate will be dismissed without prejudice.

An appropriate order follows.

**BY THE COURT:**

**/s/Wendy Beetlestone, J.**

**WENDY BEETLESTONE, J.**