IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KAREEM GREEN,** | : | **CIVIL ACTION** |
|     **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **LEHIGH COUNTY PRISON,** *et al.* | : | **NO. 21-5138** |
|     **Defendants.** | : | |

## ORDER

**AND NOW**, this 9th day of February 2022, upon consideration of Plaintiff Kareem Green's Motion to Proceed *In Forma Pauperis* (ECF No. 1), his Prisoner Trust Fund Account Statement (ECF No. 3), and his Complaint (ECF No. 2), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Kareem Green, #0122603, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of the Lehigh County Prison or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Green's inmate account; or (b) the average monthly balance in Green's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Green's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Warden's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is **DIRECTED** to send a copy of this Order to the Warden of Lehigh County Jail.

4. The Complaint is **DEEMED** filed.

5. The Complaint is **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** for the reasons in the Court's Memorandum Opinion as follows:

   a. All claims against Defendants City of Allentown, Kyle Russell, and Janine Donate are **DISMISSED WITHOUT PREJUDICE**.

   b. All other claims are **DISMISSED WITH PREJUDICE.**

   c. The Clerk of Court is **DIRECTED** to terminate the Lehigh County Prison as a Defendant.

6. Green may file an amended complaint within thirty (30) days of the date of this Order in the event he can cure the defects in the claims the Court has dismissed without prejudice. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Green's claims against each defendant. The amended complaint shall be a complete document that includes all claims Green seeks to raise against Russell and Donate. The amended complaint may not rely on the initial Complaint or other papers filed in this case to state a claim. Green may not assert a claim that has already been dismissed with prejudice. When drafting his amended complaint, Green should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

7. The Clerk of Court is **DIRECTED** to send Green a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Green may use this form to file his amended complaint if he chooses to do so.[1]

8. If Green does not wish to amend his Complaint and instead intends to stand on his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703-04 (3d Cir. 1996) (holding that "the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" after the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

9. If Green fails to file any response to this Order within thirty (30) days, the Court will conclude that Green intends to stand on his Complaint and will issue a final order dismissing this case.[2] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his

---

[1] This form is available on the Court's website at http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

[2] The six-factor test announced in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984) is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors).

complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

                                                **BY THE COURT:**

                                                /s/Wendy Beetlestone, J.

                                                **WENDY BEETLESTONE, J.**